# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ISMAEL ACOSTA YANEZ,

    Plaintiff,

    v.                                                  Case No. 1:19-cv-00546 KWR/KK

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court (hereinafter, the "Motion"), filed June 18, 2019 (**Doc. 4**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well taken and, therefore, is **GRANTED**.

## BACKGROUND

Plaintiff was in an accident with a hit-and-run driver. Plaintiff alleges that a pick-up truck failed to stop at a stop sign, collided with Plaintiff's vehicle, and drove off. **Doc. 1-2, p. 2.** At the time of the accident, Plaintiff had $75,000 available in uninsured motorist coverage.

Plaintiff alleges that he filed a claim with Defendant for uninsured motorist coverage. He supplied his police report, medical records, and bills. Defendant refused to pay on the following grounds: (1) material misrepresentation; (2) bodily injury was not caused by the accident; and (3) a hit and run motor vehicle was not involved.

On May 5, 2019, Plaintiff filed a complaint in Second Judicial District Court, Bernalillo County, State of New Mexico, asserting the following claims:

    Count I: Breach of the Covenant of Good Faith and Fair Dealing;
    Count II: Violation of the Unfair Insurance Practices Act;
    Count III: Violation of the Unfair Practices Act; and

Count IV: Intentional Infliction of Emotional Distress

Plaintiff sought compensatory damages for personal injury, medical costs, punitive damages, attorney fees, and compensation for emotional distress. Defendant removed this case on June 13, 2019. Defendant attached an affidavit from its attorney, Mr. Guebert. Mr. Guebert concluded that, in his experience, this type of action involves more than $75,000.

Plaintiff filed a motion to remand shortly thereafter on June 18, 2019, asserting that this Court lacks diversity jurisdiction because the amount in controversy is less than $75,000. In response, the only additional evidence Defendants presented were policy documents showing that the available uninsured motorist coverage was $75,000.

**DISCUSSION**

Plaintiff removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446. Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The sole issue is whether the amount in controversy exceeds $75,000.

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, *Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D.Kan. 1997).

**I.      Amount in Controversy is less than $75,000.**

Where the complaint does not assert an amount due, the Defendant, as the party asserting federal jurisdiction must prove by a preponderance of the evidence jurisdictional facts that the amount in controversy *may* exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008) ("defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play") (citation omitted) (emphasis in original). This burden arises only when a plaintiff argues the amount in controversy is insufficient to support diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S.Ct. 547, 554 (2014). In other words, evidentiary submissions are not required at the time of removal. *Id.* at 551, 554.

The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 955. Once the defendant puts forth jurisdictional facts that make it possible the amount in controversy exceeds $75,000, the case stays in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954 (internal quotation marks omitted), *quoted in Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, 620–21 (10th Cir. 2014).

Defendant may prove these jurisdictional facts by pointing to:

contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008), quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Defendant may also look to the "substance and nature of the injuries and damages described in the pleadings." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (Kelly, J.). Here, Plaintiff argues that the amount in controversy is less than $75,000. Defendant therefore bears the burden of proving by a preponderance of the evidence jurisdictional facts that the amount at issue may involve more than $75,000. State Farm need only show that the damages are

3

"at issue – that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank,* 568 F. App'x 729, 731 (10th Cir. 2014).

Here, Defendant fell short of carrying this burden. There is nothing in the record indicating (1) Plaintiff's injuries or (2) medical costs. Plaintiff alleged he supplied Defendant with medical records and medical bills as part of his initial claim for coverage. Defendant did not explain why it decided to omit any mention of the personal injuries or medical costs in its response.

Defendant focuses on the possibility of treble damages, punitive damages and attorney fees. However, without any idea of the possible medical and personal injury damages, the Court is unable to multiply the compensatory damages with punitive damages or treble damages. *See Enriquez v. Almaraz*, No. 19-CV-15-MV-KBM, 2019 WL 2330880, at *2 (D.N.M. May 31, 2019) (Vazquez, J.), *citing Cordova v. Jenkins*, No. CV 16-460 KG/KBM, 2018 WL 6519131, at *3 (D.N.M. Dec. 11, 2018) (finding that even with treble, punitive, and compensatory damages, jurisdictional amount was not met for $ 1,062.50 in allegedly fraudulent attorney's fees). Although the policy limits reach $75,000, there is nothing in the record or attached to Defendant's response that would indicate whether medical costs or damages could reach $75,000.

## II.     Plaintiff's Stipulation.

Moreover, Plaintiff stipulates post-removal that the amount at issue is less than $75,000. A post-removal stipulation cannot strip the Court of diversity jurisdiction. *Rael v. GEICO Gen. Ins. Co.*, 2017 WL 3051953, at *4 (D.N.M. 2017) (Yarbrough, J.) (where evidence otherwise indicated that damages were above $75,000, Plaintiff's post-removal stipulation that she would not seek more than $75,000 came too late).

However, such stipulation can be considered as evidence of an otherwise ambiguous damages amount. *Youell v. Magellan Health Services of New Mexico et al.*, 2018 WL 344959, at *3 (D.N.M. 2018);

*Swiech v. Fred Loya Ins. Co.*, 264 F. Supp. 3d 1113, 1135–36 (D.N.M. 2017) (considering post-removal stipulation that amount in controversy was less than $75,000); *Meyer v. Union Pacific Railroad Co.*, 2016 WL 4440452, at *1 (D. Kan. Aug. 23, 2016) (remanding case in light of post-removal stipulation that plaintiff was seeking less than $75,000 in damages); *Garcia v. Timberlake*, 2012 WL 13081216, at 3 (D.N.M. Jan. 5, 2012) (post-removal affidavit clarifying that amount in controversy did not exceed $75,000 established that jurisdiction was lacking at time of removal) (collecting cases); *see also Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 481 (6th Cir. 2014) (in determining amount in controversy for purposes of diversity jurisdiction, court may consider post-removal unequivocal stipulation clarifying rather than reducing the amount in controversy). Here, given the ambiguous nature of the damages, the Court finds Plaintiff's stipulation that damages are less than $75,000 persuasive.

## CONCLUSION

The Court concludes that the amount in controversy does not exceed $75,000, and this Court lacks diversity jurisdiction. Therefore, the Court grants Plaintiff's Motion to Remand.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (**Doc. 4**) is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
KEA W. RIGGS
United States District Judge